IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| American Traffic Solutions, Inc., | CV 06-285 PHX NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Red Light, LLC, et al., | |
| Defendants. | |

Before the court is Defendant's Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (doc. # 25), the Response (doc. # 32), and the Reply (doc. # 37). The motion is based on the prior pendency of an action between Plaintiff American Traffic Solutions, Inc., and Defendant Red Light, LLC, brought by Red Light, in the United States District Court for the District of South Carolina. The South Carolina action seeks relief against American Traffic Solutions for wrongful termination of their principal business contract, the Business Representation Agreement. This action against Red Light and its principal member Jay Specter seeks relief for their alleged post-termination violation of a separate Confidential Information and Intellectual Property Agreement attached to the Business Representation Agreement and for related common law torts of breach of fiduciary duty and conversion concerning the confidential and proprietary information and for defamation. The complaint in the South Carolina action does not

1 address any breach of the Confidential Information Agreement or the actions of Red
2 Light or Specter after termination of the Business Representation Agreement.

3 While the Business Representation Agreement has a provision that only consents
4 to Arizona jurisdiction and venue, the Confidential Information Agreement has an
5 exclusive Arizona venue provision.  The lack of symmetry between the venue clauses
6 (one permissive, the other exclusive) in the two documents lead the United States District
7 Court for the District of South Carolina to deny American Traffic Solutions' motion to
8 transfer that action to the District of Arizona. Unlike the South Carolina action, which is
9 based on the  Business Representation Agreement but not the Confidential Information
10 Agreement, this action is based on breach of the Confidential Information Agreement and
11 common law torts arising from the same conduct.  Defendants do not challenge the
12 validity of the exclusive Arizona venue provision of the Confidential Information
13 Agreement. *See The Bremen v. Zapata Off-shore Co.*, 407 U.S. 1 (1972).   Therefore,
14 Arizona venue provision of the Confidential Information Agreement is valid and its effect
15 must be considered in this case.

16 Defendants summarily assert improper venue under Fed. R. Civ. P. 12(b)(3) but
17 offer no argument or authority.  Venue is proper in this district because this is "a judicial
18 district in which a substantial part of the events or omission giving rise to the claim
19 occurred, or a substantial part of property that is the subject of the action is situated . . . ."
20 28 U.S.C. § 1391(a)(2).

21 While the totality of convenience of witnesses and parties may be considered for
22 change of venue under 28 U.S.C. § 1404(a), Defendants' own convenience in litigating
23 this case in South Carolina counts for less because they previously agreed to litigate
24 Confidential Information Agreement claims only in Arizona.  The dealings between the
25 parties were largely in Arizona.  The convenience to Plaintiff American Traffic Solutions
26 of litigating in Arizona is substantial, for its headquarters, many of its witnesses, and
27 some portion of its damages are in Arizona.  The convenience of the parties in this action
28 favors Arizona venue entirely, the Defendants having forfeited any claim of convenience

1  elsewhere when they induced American Traffic Solutions to contract with them in
2  reliance on an exclusive Arizona venue for Confidential Information Agreement claims.

3        There appear to be no third party witnesses in South Carolina, and Defendants
4  point to none. Unless they agree to travel elsewhere, all third-party witnesses will have to
5  be deposed in their home districts–a factor that is neutral as between Arizona and South
6  Carolina except to the extent that some third-party witnesses may be in Arizona. Nor can
7  such witnesses be forced to attend trial out of their home districts. The convenience of
8  witnesses favors Arizona, where Plaintiff's witnesses are found, as against only the
9  Defendants in South Carolina, and third-party witnesses whose convenience is unaffected
10 by the choice of venue.

11       The interests of justice branch into two considerations. One is the institutional
12 needs of the judiciary. While the weighted case load per judge in South Carolina is
13 moderately lower than in Arizona, this court has had no difficulty in bringing civil
14 matters to trial promptly after the parties have completed pretrial preparation. There is no
15 reason to think this action would be delayed either in this district or in South Carolina.
16 This consideration is neutral.

17       A second consideration of justice is the practical effect of violating the plain
18 language of the undisputedly valid exclusive Arizona venue clause in the Confidential
19 Information Agreement if this case is transferred out of Arizona. Even though not
20 controlling, "[t]he presence of a forum-selection clause . . . will be a significant factor that
21 figures centrally in the district courts' calculus" under §1404(a). *Stewart Organization,*
22 *Inc. v. Ricoh Corp*. 487 U.S. 22, 29 (1988). That consideration of justice weighs strongly
23 against transfer.

24       In seeking transfer, Defendants rely little upon the §1404(a) transfer factors and
25 principally upon the "first to file" rule when resolving conflicts of jurisdiction between
26 federal courts. The scope, purposes, and exceptions to that rule are summarized in
27 *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622 (9th Cir. 1991):

28

We recognize that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *see also Pacesetter*, 678 F.2d at 95; *Church of Scientology*, 611 F.2d at 750; *Codex Corp. v. Milgo Elect. Corp.*, 553 F.2d 735, 737 (1st Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, *see Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir.), *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); anticipatory suit, and forum shopping, *see Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir.1983) ("Anticipatory suits are disfavored because they are aspects of forum-shopping"); *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 217, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n. 4 (2d Cir.), *cert. dismissed*, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1965). However, notwithstanding the fact that Alltrade has raised serious questions concerning Uniweld's conduct, it has summoned the wrong precedents and addressed itself to the wrong court. The most basic aspect of the first-to-file rule is that it is discretionary; "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Kerotest*, 342 U.S. at 183-184, 72 S.Ct. at 221; *see also Pacesetter*, 678 F.2d at 95. The cases cited by appellant are cases in which exceptions to the rule have been allowed; they stand for the proposition that district court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity.

But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply.[13] The decision and the discretion belong to the district court.

> FN13. Of course, if the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule would be reversible error for it would constitute a misapplication of the law. *Cf. Pacesetter*, 678 F.2d at 96.

In this case, the "first to file" rule does not apply because the parties are different–Jay Specter is not a party to the South Carolina action nor a party to the Business Representation Agreement upon which it is based. Nor are the claims the same. The actions address different conduct at different times, though they both relate to duties under the two written contracts establishing the parties' business relation.

Moreover, if the threshold for the "first to file" rule were otherwise met, in its discretion the court would find ample basis for exception in this case. This is an enforcement action, not an anticipatory action, and it is filed in the jurisdiction that the Defendants agreed to be exclusive. This is not forum shopping or bad faith by Plaintiff. The analysis previously stated favors litigation of Plaintiff's post-termination claims against Defendants in Arizona and not in South Carolina. The balances of convenience of

- 4 -

parties, party witnesses, and non-party witnesses either weigh in favor of the Arizona venue as against South Carolina or are neutral.

Some legal issues may become relevant in both actions, but that is speculative. Defendants cite no authority that would authorized them to misappropriate and misuse Plaintiff's confidential information if Plaintiff wrongfully terminated the Business Representation Agreement. The possibility that issues adjudicated in one action may be preclusive in the other falls short of the sameness required for the "first to file" rule to apply or to forestall the discretion the court has in the circumstances of a particular case to deny dismissal or transfer under that rule. The balance of equities here weighs strongly in favor of Arizona venue and of respecting the parties' expressly-negotiated and relied-upon exclusive Arizona venue for claims under the Confidential Information Agreement.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (doc. # 25) is denied.

DATED this 2nd day of May 2006.

_____
Neil V. Wake
United States District Judge